*In re* McLAUGHLIN'S ESTATE.

APPEAL OF HINCKLEY.

1. ESTATES OF DECEDENTS — PRESENTATION AND ALLOWANCE OF
   CLAIMS — COMMISSIONERS ON CLAIMS — RETURN OF FINDINGS —
   PROBATE PRACTICE.
   It is erroneous to dismiss an appeal from the findings of com-
   missioners on claims, in a proceeding where the creditor,
   pending the judgment of the commissioners, made applica-
   tion to the probate court to remove them for alleged miscon-
   duct, and, pending a hearing on the application, the commis-
   sioners attempted to make a return disallowing claimant's
   claim, which the probate court refused to accept until the
   determination of the removal proceedings; when the applica-
   tion was subsequently denied and the report filed, the claim-
   ant appealing from the disallowance of claim within sixty
   days from the date of such filing but not from the date of
   leaving the report with the probate judge. 3 Comp. Laws,
   §§ 9377, 9386, 1 Comp. Laws, § 667.

2. SAME—REPORT OF COMMISSIONER—DATE OF RETURN.
   Such return was not made, within the meaning of the statute,
   until the finding was unprovisionally accepted and filed by
   the probate court, in accordance with the arrangement and
   understanding made when it was left with the probate
   judge.

Error to Jackson; Parkinson, J. Submitted February
8, 1910. (Docket No. 122.) Decided March 5, 1910.

Frederick P. Hinckley presented a claim against the
estate of Miar McLaughlin, deceased, for the amount of a
promissory note. The claim was disallowed by the com-
missioners, and claimant appealed to the circuit court.
An order dismissing the appeal is reviewed by claimant
on writ of error. Reversed.

*Richard Price* and *W. K. Sagendorph*, for appellant.
*Wilson & Cobb*, for appellee.

Stone, J. The claimant and appellant presented a claim against the estate of Miar McLaughlin, deceased, to the commissioners on claims appointed by the probate court for the county of Jackson. The claim consisted of a promissory note signed by the deceased, bearing date April 12, 1902, for the sum of $10,000, with interest at 3 per cent. per annum. The claim was for $11,647.40. It appears from the record that on the 24th day of December, 1908, the attorney for the claimant appeared before the commissioners, and asked for an adjournment of the hearing. This being refused by the commissioners, the attorney for the claimant then stated to the commissioners that he should apply to the probate court for an order removing them. He immediately, and on the same day, made application to the probate court for the removal of the commissioners upon certain grounds stated in the application. Upon filing of said application, and on December 24th aforesaid, a citation was issued returnable December 30, 1908. After this application had been made and citation issued, one of the commissioners, Richard A. Hobart, on said December 24th, brought a report of the commissioners to the probate office, in which the claim of said claimant was wholly disallowed. What then and there occurred, and about which there is no dispute or denial, except as hereinafter stated, is set forth by the probate judge in his affidavit which appears in the record in the following language:

"Deponent [the probate judge] informed him [the commissioner] that an application had been made for the removal of the commissioners, and that he, deponent, would prefer not to receive or file such report until such application was disposed of; that, if he desired to do so, he could leave the report there, and after the application was disposed of, and if the commissioners were not removed, it could be filed, and, if they were removed, of course, it would not be filed; that this was agreeable to the said Hobart, and he went away with that understanding, and deponent subsequently told Richard Price, one of the attorneys for Mr. Hinckley, that such was the understanding; and that the

report was not to be filed until the application for removal was disposed of.

"Deponent further says that W. S. Cobb appeared for the commissioners in opposition to said application, and asked for and secured at least one adjournment, and possibly more; that neither Mr. Cobb nor the commissioners claimed that their report had already been made, but Mr. Cobb questioned the jurisdiction or power of the probate judge to remove commissioners on claims for any cause, and desired to look up the law on that question.

"Deponent further says that his blotter or day book shows that the hearing on such application for removal was adjourned from time to time, until the 5th day of March, 1909, when an order was entered denying the application, and on the following day, being the 6th day of March, 1909, the said report of the commissioners was filed.

"Deponent further says that the report of the commissioners was never treated by him or by his office as having been received or returned until the day it was filed; that his understanding was that the time within which an appeal could be taken from the decisions of the commissioners ran from that date, being the 6th day of March, 1909, and with that understanding he made the order allowing the appeal upon the application of said Hinckley."

Mr. Cobb, attorney for the appellee, filed an affidavit in the circuit court, in which he stated, among other things, that on the return day of the citation he went to the probate office in answer to a telephone call from the judge of probate; that the judge there stated that no notice of the proceedings had been served upon the administratrix, and that in his opinion she was entitled to notice; that thereupon he, Mr. Cobb, stated to the court that he would appear for the administratrix without the formality of service of notice upon her; that he had received no notice of the proceedings, and, if he was to take part in the matter, he would want an opportunity to investigate the questions involved, and expressed a doubt as to the jurisdiction of the judge of probate to remove the commissioners; that, after some discussion, he stated that he would prepare for the commissioners an answer to the petition, and the hearing

was thereupon adjourned.   He further states that he was not in the probate office again in connection with said hearing, and that he gave the matter no further attention except to prepare answers for the commissioners; that as to the statement contained in Judge Smith's affidavit that neither the commissioners nor Mr. Cobb claimed that the report had been filed, he says that the matter was in no way referred to, and there was no occasion to make any statement in relation thereto.   We do not think that the affidavit of Mr. Cobb conflicts with the affidavit of Judge Smith in any material particular or matter.   As stated in the affidavit of the judge of probate, the proceedings upon the petition for removal of the commissioners were adjourned from time to time until the 5th day of March, 1909, when an order was entered denying the application, and on the following day, being March 6, 1909, the report of the commissioners on claims was filed in the probate court.   The claimant desiring to appeal from the disallowance of his claim against the estate, went to the probate office, and was there informed that he would have 60 days from said March 6th in which to appeal.   On April 27, 1909, he filed his application and bond, which bond was approved by the judge of probate, and an order made allowing his appeal.

The appeal having been filed in the circuit court, the administratrix moved the court for an order dismissing the appeal for the reason that the report of the commissioners on claims was made and returned to the probate court on December 24, 1908, and application for appeal was not made until April 27, 1909, and more than 60 days after the return of said report to said probate court.   The circuit judge, after hearing arguments, decided in favor of the motion, ruling that the appeal was not timely, and dismissed it.   Exception was taken by the claimant, error was assigned, and the case is now here upon a writ of error to review the ruling of the circuit court.

The statute (section 9377, 3 Comp. Laws) provides that the commissioners on claims "at the expiration of the

time limited, or as soon thereafter as they shall have time to complete the hearing of the claims presented, shall make a report of their doings to the probate court," etc. It is also provided by statute (section 9386, 3 Comp. Laws) that any creditor may appeal from the decision and report of the commissioners to the circuit court "if application for such appeal be made in writing, filed in the probate office within sixty days after the returning of the report of the commissioners."

The question is presented: What is meant by this returning of the report of the commissioners? Did the arrangement with the judge of probate by which "the report was left with him, until after the application was disposed of, and if the commissioners were not removed, it could be filed, and if they were removed, it could not be filed," constitute the returning of the report within the meaning of the statute? We think that it did not. In our opinion the report was lodged with the judge of probate provisionally or conditionally, to depend upon the result of the application to remove the commissioners.

The statute (section 667, 1 Comp. Laws) provides that any—

"Warrant or commission * * * for examining claims against estates * * * may be revoked by the judge of probate for sufficient cause, and the judge may thereupon issue a new commission, or proceed otherwise therein, as the circumstances of the case shall require."

Before this report had been made or returned to the judge of probate, an application had been made to that officer for the removal of the commissioners, and a citation had been issued. Can the commissioners by precipitant action, taken afterwards, deprive the judge of probate of his power to examine into the merits of the application for their removal? We think not. The mere leaving of the report with the judge of probate under the circumstances here shown was not a "returning of the report of the commissioners" within the intent and meaning of the statute. That return was made and filed on March 6,

1909. Such was the understanding of all of the parties, and to hold otherwise would be to work an injustice to the claimant. The rules of the probate court would have required the judge, register, or clerk to file the report when returned to that office. The fact that this was not done on December 24th shows the understanding of that office upon this record that this report was not left for the purpose of making it a part of the case at that time.

For the error pointed out, the judgment of the circuit court is reversed, with costs of this court to the claimant against the estate.

MONTGOMERY, C. J., and McALVAY, BROOKE, and BLAIR, JJ., concurred.